UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR FOOD SAFETY, et al.,

        Plaintiffs,

    v.

TOM VILSACK, et al.,

        Defendants.

Case No.  15-cv-01590-HSG  (KAW)

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD, OR IN THE ALTERNATIVE, FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

Re: Dkt. No. 71

In this Administrative Procedure Act ("APA") case, Plaintiffs have filed a motion to complete the administrative record or, in the alternative, for leave to conduct limited discovery. (Plfs.' Mot., Dkt. No. 71.)  The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b).  Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS IN PART and DENIES IN PART the motion to compel completion of the administrative record.

## I.    BACKGROUND[1]

The "Organic Foods Production Act" ("OFPA") was passed to establish national standards for the marketing of organic products, assure consumers that products met consistent standards, and facilitate interstate commerce in organic foods.  (FAC ¶ 58.)  The OFPA established three baseline standards that a product must satisfy to be sold or labeled as organic.  (FAC ¶ 59.)  One of these standards requires that organic agricultural products be "'produced and handled without the use of synthetic chemicals, except as otherwise provided in this chapter.'"  (*Id.* (quoting 7 U.S.C. § 6504(1).)  The primary exception to this standard is found in the "National List."  (FAC ¶

---

[1] This background is drawn from the allegations in the operative complaint.

60.)  If a substance undergoes National Organic Standards Board ("NOSB") review, and is then approved for addition to the National List, it can be used in organic production even though it is inherently not organic.  (*Id.*) The OFPA places a five-year time limit on the exception granted to substances placed on the National List; this provision is subtitled, "Sunset provision."  (FAC ¶ 70 (citing 7 U.S.C. § 6517(e).)  Thus, after five years, a substance is no longer exempted unless the NOSB reviews the substance and the Secretary of Agriculture renews the substance's placement on the National List.  (FAC ¶ 71.)

On September 16, 2013, Defendants published the "National Organic Program--Sunset Process" ("Sunset Notice") in the Federal Register, "impos[ing] new, mandatory standards and Sunset Review procedures."  (FAC ¶ 88.)  Plaintiffs assert that the Sunset Notice did not provide for a public notice and comment period, thus violating the APA.  (FAC ¶¶ 99, 106, 122.)  Based on this alleged violation, Plaintiffs brought the instant suit against Secretary of Agriculture Tom Vilsack, Administrator Anne Alonzo, and Deputy Administrator Miles McEvoy, asserting violations of the APA and the OFPA.  (FAC ¶¶ 122, 133.)

On December 5, 2016, Defendants lodged the Administrative Record ("AR").  (Dkt. No. 67.)  The AR included the following certification:

> I, Thomas J. Vilsack, Secretary of the United States Department of Agriculture, do hereby certify that the annexed copy, or each of the specified number of annexed copies, is a true, correct and compared copy of a document in my official custody as hereinafter described[.]

(Dkt. No. 67-1.)

Starting in December 2016, Plaintiffs' counsel contacted Defendants' counsel regarding the completeness of the AR.  (Zee Decl., Exh. A, Dkt. No. 74-2.)  On January 18, 2017, Plaintiffs' counsel identified seven extra-record documents that they believed should be added to the AR.  (*Id.* at 8.)  On January 25, 2017, Defendants' counsel responded that the United States Department of Agriculture ("USDA") was considering the identified documents "as potential supplements to the administrative record," and asked for additional information on the NOSB meeting transcripts that Plaintiffs wanted included.  (*Id.* at 5.)  Plaintiffs' counsel responded that the meetings involved substantive discussions on the sunset review process, and that several documents included in the

record were in response to the NOSB meetings that Plaintiffs wanted to add. (*Id.* at 4.) On January 30, 2017, Defendants' counsel informed Plaintiffs' counsel that the USDA would be adding eleven documents to the AR, which included the seven documents identified by Plaintiffs' counsel and four documents identified by the agency, "on [the] condition that Plaintiffs agree not to litigate the supplementation issue." (*Id.* at 3-4.) Plaintiffs' counsel responded that they agreed "not to supplement the existing [AR] with any additional documents," with the exception of documents obtained by Plaintiffs if they prevailed on the instant motion. (*Id.* at 2.) On February 1, 2017, Defendants filed a "Notice of Lodging of Addition to the Administrative Record," adding the eleven documents. (Dkt. No. 70.)

Pursuant to the parties' stipulation, on February 1, 2017, Plaintiffs filed the instant motion to compel completion of the administrative record, or in the alternative, for leave to conduct limited discovery. On February 24, 2017, Defendants filed their opposition. (Defs.' Opp'n, Dkt. No. 74.) On March 10, 2017, Plaintiffs filed their reply. (Plfs.' Reply, Dkt. No. 76.)

## II.    LEGAL STANDARD

When reviewing agency action under the APA, the court "will reverse the agency action only if the action is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law." *Lands Council v. Powell*, 395 F.3d 1019, 1026 (9th Cir. 2004) (citing 5 U.S.C. § 706(2); footnote omitted). "An agency's action is arbitrary and capricious if the agency fails to consider an important aspect of a problem, if the agency offers an explanation for the decision that is contrary to the evidence, if the agency's decision is so implausible that it could not be ascribed to a difference in view or be the product of agency expertise, or if the agency's decision is contrary to the governing law." *Id.* (citations omitted). "Although [the court's] inquiry must be thorough, the standard of review is highly deferential; the agency's decision is 'entitled to a presumption of regularity,' and [the court] may not substitute [its] judgment for that of the agency." *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014).

In considering a challenge, "courts reviewing an agency decision are limited to the administrative record." *Lands Council*, 395 F.3d at 1029. Courts must, however, "review the whole [administrative] record or those parts . . . cited by a party . . . ." 5 U.S.C. § 706. "The

1  whole administrative record, however, is not necessarily those documents that the agency has

2  compiled and submitted as the administrative record.  The whole administrative record, therefore,

3  consists of all documents and materials directly or indirectly considered by agency decision-

4  makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of*

5  *Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (internal citations and quotations omitted).

6      "An agency's designation and certification of the administrative record is treated like other

7  established administrative procedures, and thus entitled to a presumption of administrative

8  regularity." *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (citations

9  omitted).  For this reason, "in the absence of clear evidence to the contrary, courts presume that

10  public officers have properly discharged their official duties." *Id.* (citations omitted).

11      In limited circumstances, however, the record may be supplemented, i.e., "(1) if admission

12  is necessary to determine 'whether the agency has considered all relevant factors and has explained

13  its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing

14  the record is necessary to explain technical terms or complex subject matter,' or (4) 'when

15  plaintiffs make a showing of agency bad faith.'" *Lands Council*, 395 F.3d at 1029 (citation

16  omitted).

17      "These limited exceptions operate to identify and plug holes in the administrative record,"

18  and "are narrowly construed and applied" to ensure "that the exception does not undermine the

19  general rule." *Id.* (citations omitted).  "Were the federal courts routinely or liberally to admit new

20  evidence when reviewing agency decisions, it would be obvious that the federal courts would be

21  proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise,

22  and decision-making." *Id.*

23      To meet the clear evidence standard, a plaintiff must (1) "identify reasonable, non-

24  speculative grounds for the belief that the documents were considered by the agency and not

25  included in the record," and (2) "identify the materials allegedly omitted from the record with

26  sufficient specificity, as opposed to merely proffering broad categories of documents and data that

27  are 'likely' to exist as a result of other documents that are included in the administrative record[.]"

28  *Winnemem Wintu Tribe v. U.S. Forest Service*, No. 2:09-CV-01072-KJM-KJN, 2014 WL

4

3689699, at * 10 (E.D. Cal. July 24, 2014) (citation omitted). "It is insufficient for a plaintiff to 'simply . . . assert [ ] that the documents are relevant, were before . . . [the agency] at the time it made its decision, and were inadequately considered.'" *Id.* (citation omitted; modifications in original).

## III. DISCUSSION

### A. Presumption of Completeness

Here, the parties dispute whether the AR consist of all documents and materials directly or indirectly considered by the agency in making its decision. Plaintiffs raise three arguments for why the Court should find that the presumption of completeness is rebutted. First, Plaintiffs point to Defendants' decision to add the eleven documents, arguing that this "makes clear that the original record production was incomplete." (Plfs.' Mot. at 4.) Second, Plaintiffs contend that the certification accompanying the filing of the AR did not indicate that the AR was complete. (*Id.*) Finally, Plaintiffs argue that Defendants admit that they did not include any internal agency communications or drafts based on an assertion of the deliberative process privilege, thus demonstrating that the AR is not complete. (*Id.*)

In response, Defendants first argue that Plaintiffs cannot rely on the eleven documents because Defendants did not concede that the documents should have been included, and because the parties had agreed that Defendants would only make the additions if Plaintiffs agreed not to litigate the supplementation issue. (Defs.' Opp'n at 6.) Further, Defendants contend that since the documents have now been added, the AR is now sufficient. Second, Defendants have provided a new certification, which states that the AR contains "all non-privileged materials directly or indirectly considered by USDA in issuing the Sunset Notice on September 16, 2013." (*Id.* at 5; Tucker Decl. ¶ 3, Dkt. No. 74-4.) Finally, Defendants argue that privileged documents are not part of the administrative record, and therefore their exclusion cannot rebut the presumption of completeness. (Defs.' Opp'n at 7.)

The Court finds that the presumption of completeness is rebutted because even in the updated certification, Defendants admit that the AR contains only "all *non-privileged* materials directly or indirectly considered by USDA in issuing the Sunset Notice . . . ." (Tucker Decl. ¶ 3

United States District Court
Northern District of California

(emphasis added).)  The Court recognizes that there is a split of authority regarding whether internal communications and drafts are properly part of the record.  The D.C. Circuit Court, for example, has concluded that such agency deliberations are not part of the record, reasoning that "the ordinary APA cause of action does not directly call into question the agency's subjective intent."  *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1280 (D.C. Cir. 1998).  Thus, "[a]gency deliberations not part of the record are deemed immaterial" "because the actual subjective motivation of agency decisions is immaterial as a matter of law."  *Id.* at 1279-80.  Likewise, several district courts in this Circuit have concluded that "internal agency deliberations are properly excluded from the administrative record . . . ."  *California v. U.S. Dep't of Labor*, No. 2:13-cv-2069-KJM-DAD, 2014 WL 1665290, at *13 (E.D. Cal. Apr. 24, 2014); *United States v. Carpenter*, No. 3:99-cv-547-RLH-RAM, 2011 WL 4763675, at *3 (D. Nev. Oct. 7, 2011) (denying request to include records to the administrative record where they related to internal deliberations or mental processes).

In contrast, courts in this district have uniformly concluded that internal agency communications and drafts are part of the administrative record.  Recently, in *Institute for Fisheries Resources v. Burwell*, the district court explained:

> It is obvious that in many cases internal comments, draft reports, inter- or intra-agency emails, revisions, memoranda, or meeting notes will inform an agency's final decision.  Therefore, the government is wrong to assert that these types of materials, as a categorical matter, should be excluded from the universe of materials "directly or indirectly considered by agency decision-makers."

Case No. 16-cv-1574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017); *see also People of the State of California ex rel. Lockyer v. U.S. Dep't of Agric.*, No. C05-3508 EDL, C05-4038 EDL, 2006 WL 708914, at *3 (N.D. Cal. Mar. 16, 2006) ("Plaintiffs have also shown that the record is incomplete because it lacks internal and external agency documents relating to the decision-making process for the State Petitions Rule"); *United Farm Workers v. Administrator, U.S. EPA*, No. C 07-3950, 2008 WL 3929140, at *2 (explaining that the Court's review of the whole record under the APA "includes internal correspondence, memoranda and drafts that were part of the EPA's decision making process") (N.D. Cal. Aug. 26, 2008).

Defendants point to the Ninth Circuit's decision in *Portland Audubon Society v. Endangered Species Committee*, 984 F.2d 1534 (1993), to argue that internal deliberative processes are not part of the administrative record.  There, the Ninth Circuit distinguished a District of Columbia Circuit Court decision, explaining that the case before it "concern[ed] neither the internal deliberate processes of the agency nor the mental processes of individual agency members," unlike the District of Columbia Circuit Court decision.  *Id.* at 1549.  The Ninth Circuit did not, however, hold that such documents are not part of the administrative record, nor did it have the opportunity to do so because the records before it concerned improper ex parte communications, not internal documents.  *Id.*  Defendants also point to *Cook Inletkeeper v. U.S. EPA*, a non-precedential decision where the Ninth Circuit denied a motion to supplement and an accompanying motion to prepare a privilege log where the plaintiff sought to supplement the administrative record.  400 Fed. Appx. 239, 240 (9th Cir. 2010).  The Ninth Circuit denied supplementation, however, because the EPA "*denie[d]* that it considered the documents at issue." *Id.* (emphasis added).  Thus, *Cook Inletkeeper* did not concern internal correspondence, memoranda, or drafts, and is not supportive of Defendants' position that all deliberative processes are categorically not part of an administrative record.

Given the lack of binding authority that internal deliberate processes are not part of an administrative record, the Court agrees with other courts in this district which conclude that such records are part of the "universe of materials 'directly or indirectly considered by agency decision-makers.'"  *Inst. for Fisheries Resources*, 2017 WL 89003, at *1.  Because Defendants do not dispute that they have excluded all such documents from the AR on the basis of deliberative process privilege, the Court finds that the presumption of completeness is rebutted, and on this basis GRANTS Plaintiffs' motion to compel completion of the administrative record.  Defendants shall revisit the AR to ensure its completeness, including searching for all documents and materials directly or indirectly considered by the agency in amending sunset review.  Defendants shall also provide a declaration explaining their search and its results.

## B.    Privilege Log

The parties do not dispute that Defendants withheld a number of documents on the basis of

7

the deliberative process privilege without providing a privilege log. The parties do, however, dispute whether Defendants should be required to provide a privilege log.

In *Gill v. Department of Justice*, this Court required the defendants to provide a privilege log. Case No. 14-cv-3120-RS (KAW), 2015 WL 9258075, at *7 (N.D. Cal. Dec. 18, 2015). In so concluding, the Court explained:

> "Even under the correct standard, some agency documents, such as purely internal deliberative materials, may be protected from inclusion in the administrative record, but Defendants must make a specific showing establishing the application of a privilege for each document that it contends that it may withhold based on privilege." *Lockyer*, 2006 WL 708914, at *4. In keeping with this rule, courts in this district have required parties withholding documents on the basis of the deliberative process privilege to, at a minimum, substantiate those claims in a privilege log. *See, e.g., Ctr. of Biological Diversity v. U.S. Bureau of Land Management*, No. C-06-4884-SI, 2007 WL 3049869, at * 6 (N.D. Cal. Oct. 18, 2007) (finding in camera review of purportedly privileged documents appropriate despite declaration formally asserting the deliberative process privilege and explaining the bases for those assertions); *Lockyer*, 2006 WL 708914, at *4 (granting the plaintiffs' motion to compel and ordering the defendants to provide a privilege log if withholding any documents on the basis of privilege).

As in *Gill*, Defendants in the instant case have withheld documents from the AR on the basis of the deliberative process privilege. They have not provided a privilege log describing the documents, the basis for their withholding, or the grounds that justify asserting the deliberative process privilege. While Defendants argue that no such privilege log is necessary because deliberative material is not part of the AR, they have not pointed to binding Ninth Circuit authority that stands for the proposition that in an APA action, an agency may withhold documents on the basis of privilege without providing so much as a privilege log. (*See* Defs.' Opp'n at 11-12.) Absent any such authority, the Court will follow the same approach adopted by other judges in this district. *See Lockyer*, 2006 WL 708914, at *4; *Inst. for Fisheries Resources*, 2017 WL 89003, at *1 (ordering the government "to complete the administrative record and/or produce a log of documents withheld from the record on privilege grounds within 30 days"). Therefore, if, while in the process of completing the AR, Defendants wish to withhold certain documents on the basis of the deliberative process privilege, they shall provide a privilege log that describes the document, identifies the basis for its withholding, and substantiates any claimed deliberative process

privilege.[2]

## IV.     CONCLUSION

For the reasons stated above, Plaintiffs' motion to complete the administrative record is GRANTED.  Defendants are to revisit their compilation of the AR to ensure that it includes all documents and materials considered by the agency in amending sunset review.  If Defendants withhold any documents that should be included in the AR on the basis of the deliberative process privilege, they shall produce a privilege log as set forth above.  Because the Court grants Plaintiffs' motion to complete the administrative record and to produce a privilege log, Plaintiffs' request for alternative relief in the form of limited discovery is DENIED.

IT IS SO ORDERED.

Dated: May 3, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] Because the Court grants the motion to compel completion of the administrative record, it need not decide Plaintiffs' request for alternative relief that Plaintiffs be permitted to conduct limited discovery.  (*See* Plfs.' Mot. at 10 ("Should the Court decline to compel Defendants to complete the Administrative Record and produce a privilege log justifying any withheld documents, Plaintiffs respectfully ask that the Court []go beyond the Administrative Record and allow Plaintiffs to conduct limited discovery in order to effectuate judicial review").)